IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff | : | Civil Action No. 1:09-cv-715 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| KAREN L. ABELL and RICHARD S. ABELL, | : | |
| | : | |
|     Defendants | : | |

**MEMORANDUM ORDER**

On October 3, 2011, Plaintiff United States of America filed a motion for summary judgment and entry of a judgment of foreclosure as well as a brief in support of the motion. (Doc. Nos. 26, 27.) After receiving no response from Defendants Karen and Richard Abell, on November 7, 2011, the Court issued an order directing Defendants to show cause on or before November 30, 2011, why the motion for summary judgment should not be deemed unopposed. (Doc. No. 29.) To date, Defendants have responded to neither the motion for summary judgment nor this Court's order to show cause. For the reasons stated more fully herein, the Court will grant Plaintiff's motion for summary judgment.

**I.   BACKGROUND**

On August 31, 2004, Defendants secured a loan from Plaintiff in the amount of $113,000 pursuant to Title V of the Housing Act of 1949, 42 U.S.C. § 1471, et seq. (Doc. No. 27-1 at 1-3.) As security for the loan, Defendants conveyed a real estate mortgage for a property at 42 Prince Street in Littlestown, Pennsylvania, which was recorded on August 31, 2004, with the Office of the Recorder of Deeds in Adams County, Pennsylvania, in Book 3690 Page 286. (Doc. No. 27-1 at 4-9.) On March 8, 2008, Plaintiff informed Defendants that they were in monetary default and

that, as a result, Plaintiff had elected to accelerate Defendants' indebtedness. (Doc. No. 27-1 at 10-22.) Defendants have not disputed the validity of the loan and mortgage, the fact of their default, or the amount of their default. (Doc. No. 5.) On April 16, 2009, Plaintiffs commenced a foreclosure action against Defendants.

## II.     STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). At summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law. Id. at 251-52. In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir.

2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted. Celotex, 477 U.S. at 322. With respect to the sufficiency of the evidence that the non-moving party must provide, a court should grant summary judgment where the non-movant's evidence is merely colorable, conclusory, or speculative. Anderson, 477 U.S. at 249-50. There must be more than a scintilla of evidence supporting the non-moving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Further, a party may not defeat a motion for summary judgment with evidence that would not be admissible at trial. Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 387 (3d Cir. 1999).

**III.   DISCUSSION**

Plaintiff contends that, based on the undisputed facts, Plaintiff is entitled to judgment as a matter of law. Defendants have conceded the fact of the default and have failed to oppose the motion for summary judgment. "In a mortgage foreclosure action, the plaintiff must show the existence of an obligation secured by a mortgage, and a default on that obligation." Chemical Bank v. Dippolito, 897 F. Supp. 221, 224 (E.D. Pa. 1995) (granting plaintiff's motion for summary judgment in a mortgage foreclosure action); see also HSBC Bank USA, N.A. v. Keenhold, No. 4:08-cv-1024, 2009 U.S. Dist. LEXIS 16081 (M.D. Pa. Mar. 2, 2009) (quoting Chemical Bank); United States v. Asken, No. 01-cv-0026, 2002 U.S. Dist. LEXIS 22264 (E.D. Pa. Oct. 28, 2002) (granting plaintiff's motion for summary judgment in a mortgage foreclosure action following defendants' default on a loan granted pursuant to Title V of the Housing Act of

1949).  In the present matter, the undisputed facts show that Plaintiff loaned $113,000 to Defendants, that Defendants conveyed a mortgage to Plaintiff as security for the loan, and that Defendants defaulted on that loan.  Therefore, the Court must grant Plaintiff's motion for summary judgment.

**ACCORDINGLY**, on this 9th day of January 2012, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion for summary judgment (Doc. No. 26) is **GRANTED**;

2. Judgment is entered in Plaintiff's favor and against Defendants in the amount of $134,205.82 plus interest at the rate of $19.04 per day from September 24, 2008, to the date of any Marshal's Sale or other sale of the property;

3. The promissory note and mortgage between Plaintiff and Defendants is foreclosed as to the real property described therein.  In accordance with Section 204(1) of the National Housing Act there is no right of redemption in the mortgagor or any other person;

4. The real property described in the mortgage shall be sold according to the following:

    a. The United States Marshal for the Middle District of Pennsylvania is directed to sell the real property specified in the mortgage between Plaintiff and Defendants for cash to the highest bidder at a public, judicial sale pursuant to 28 U.S.C. § 2001 within 180 days of this order.  Notice must be given in accordance with 28 U.S.C. § 2002, once per week for four consecutive weeks prior to the sale in one newspaper regularly issued and of general circulation in the county and judicial district where the real estate is situated;

    b. Ten percent of the highest bid must be deposited in certified check or cashier's check with the United States Marshal by the bidder immediately upon the property being struck down to the bidder.  The balance of the purchase money must be paid by certified or cashier's check by the highest bidder to the Marshal within ten days after the sale is confirmed by the Court, without demand for the same being made by the Marshal.  It is the highest bidder's responsibility to ascertain the date of confirmation.  If the highest bidder fails to settle, all his rights in the real estate shall cease and

       be completely void and the property may be re-advertised and sold by the Marshal without further Order of the Court at the risk of the defaulting bidder whose deposit shall be forfeited; and in case of a deficiency on such resale, he shall make good the same to the person thereby injured. The highest bidder shall take the real estate subject to and is to pay all current state and local taxes, water rents or charges, sewer rents or charges, and municipal claims, and any other claims, charges, and liens against the property which are not divested by the Marshal's sale, and shall pay all state, local, and federal transfer taxes and stamps. If Plaintiff is not the successful bidder, Plaintiff will be automatically registered as the second highest bidder at the judgment amount and may proceed to make settlement with the Marshal in the event of default by the highest bidder;

   c. Plaintiff, United States of America, or its nominee is granted right of entry at reasonable times to the subject premises for purposes of pre-sale inspection and Marshal's sale with the right to inspect the house, books, records, accounts, and all other items and information necessary for the inspection, advertisement, and sale of the subject premises; and

   d. Motion for confirmation of the public sale shall be made by the Marshal to the Court thirty days after the date of sale;

5. Upon confirmation of the sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the sale pending distribution pursuant to further Order of this Court;

6. Plaintiff shall be paid the amount adjudged due pursuant to the distribution of the proceeds of the sale;

7. A true copy of this Order and decree shall be delivered to the United States Marshal by the Clerk;

8. Jurisdiction is retained over this matter for the granting of such Orders and Decrees as the circumstances may require; and

9. The Clerk of Court is directed to administratively close this case.

 

                          S/ Yvette Kane
                          Yvette Kane, Chief Judge
                          United States District Court
                          Middle District of Pennsylvania